[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15487
Non-Argument Calendar

_____

Agency Nos. A95-537-468
and A95-437-470

ARBEN GJEKAJ,
ALEKSANDRA GJEKAJ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 31, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM

Arben Gjekaj and his daughter, Aleksandra Gjekaj, natives and citizens of

Albania, petition for review of the final order of the Board of Immigration Appeals

("BIA"), which affirmed without opinion the immigration judge's ("IJ's") denial of

asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). On appeal, Petitioners argue that substantial evidence did not support the IJ's adverse credibility determination or the IJ's denial of their asylum application under the INA, in which they claimed Gjekaj was persecuted in Albania because of his membership in Albania's Democratic Party ("DP") and participation in the October 1, 2000 local elections there.[1] After thorough review of the record and careful consideration of the parties' briefs, we affirm.

The IJ's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence. See Mazariegos v. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); see also 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to

---

[1]Because we find that Petitioners have not established a case for asylum under the INA, we do not address their arguments that they also satisfied the higher standards for withholding of removal or CAT relief. See Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

2

the contrary"). A finding of fact will be reversed "only when the record compels reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, ____ U.S. ____, 125 S.Ct. 2245 (2005).

Petitioners argue that the IJ's adverse credibility determination was not supported by substantial evidence because any inconsistencies between Gjekkaj's testimony and his asylum application were not material. Like other factual findings, credibility determinations are reviewed under the substantial evidence test, meaning that the IJ must offer specific, cogent reasons for an adverse credibility finding. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-1287 (11th Cir. 2005). And "an adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. Id. at 1287 (emphasis added). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. (citations omitted). Although minor inconsistencies will not support an adverse credibility finding, inconsistencies that go "to the heart of [the] asylum claim" are sufficient to support such a finding. See Chebchoub v. I.N.S., 257 F.3d 1038, 1043 (9th Cir. 2001). "Indications of reliable testimony include

3

consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. United States Att'y. Gen., 440 F.3d 1247, 1255 (11th Cir. 2006).

Petitioners have failed to meet their burden to show that the IJ's adverse credibility determination must be overturned. This is so because substantial evidence supports the determination including inconsistencies (1) between Gjekaj's statements on his asylum application and his testimony; (2) between Gjekaj's testimony and his corroborating evidence; (3) on the face of his corroborating evidence; and (4) within his testimony. Even if, as Gjekaj argues, some of his testimony at the asylum hearing was roughly consistent with the statements he made in his asylum application, during his testimony, he expanded on his claims, and the underlying facts, thus diminishing the credibility of his testimony. See Ruiz, 440 F.3d at 1255 (indicating that "the absence of embellishments" is one indicator of reliable testimony). Moreover, his testimony, particularly when taken in combination with his corroborating evidence, caused the IJ to question his credibility. The IJ also considered the 2001 Profile of Asylum Claims and Country Conditions on Albania, which stated that claims by Albanian nationals based on political grounds are likely to be incredible, and that the October 2000 elections, upon which Gjekaj's asylum application partially relied to

4

establish persecution, were tainted by "only minor discrepancies," with "very few incidents of violence." Indeed, the Profile cautions adjudicators to look closely at claims such as Gjekaj's, and explore other motivations that the claimant may have, including family members already present in the United States.

On this record, based on the inconsistencies between Gjekaj's asylum application and testimony, as well as the other evidence before the IJ casting doubt on the credibility of Gjekaj's claim, we cannot say that the record compels reversal of the IJ's adverse credibility determination. See Forgue, 401 F.3d at 1287. Accordingly, we deny the petition for review.

**PETITION DENIED.**