[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12563
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 25, 2012
JOHN LEY
CLERK

Agency No. A095-537-468

ARBEN GJEKAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 25, 2012)

Before CARNES, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

In 2004 an Immigration Judge denied Arben Gjekaj's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). The Board of Immigration Appeals affirmed the IJ's decision, and we denied Gjekaj's petition for review. Gjekaj v. U.S. Att'y Gen., 182 F. App'x 954 (11th Cir. 2006) (unpublished). In 2010 Gjekaj filed a motion to reopen, which the BIA denied. He petitions for review of that denial, arguing that he presented enough evidence of changed circumstances occurring after the initial proceedings to warrant reopening his removal proceedings.

## II.

Gjekaj is a native and citizen of Albania. He entered the United States without inspection in July 2001. In June 2002, the Department of Homeland Security issued a notice to appear charging that he was subject to removal as an alien present in the United States without being admitted or paroled. He appeared before the IJ and conceded removability as charged, but he applied for asylum, withholding of removal, and CAT relief.

In his asylum application, he argued that he was persecuted in Albania because of his membership in Albania's Democratic Party. The IJ denied his petition and ordered him removed to Albania, finding that he was not credible based on inconsistencies in his testimony and that the evidence he submitted was

2

not enough to establish his purported fear of persecution in Albania. The BIA affirmed, and we denied Gjekaj's petition for review, holding that substantial evidence supported the IJ's adverse credibility determination. Gjekaj, 180 F. App'x at 955–56.

On June 25, 2010, Gjekaj filed a motion to reopen his removal proceedings, arguing that changed country conditions made him afraid of persecution if he returned to Albania. Those changed conditions are: (1) Medi Ivziku, a Muslim man with a blood feud against Gjekaj's Catholic family, was released from prison in 2010 after serving one year for murdering Gjekaj's cousin; (2) Albanian police protect Ivziku; and (3) Albanian authorities, helping Ivziku, beat up Gjekaj's father after questioning him about the timing of Gjekaj's return to the country. Gjekaj argued that, upon return to Albania, he would be persecuted because he was Catholic, a minority religion in Albania, or because he was a member of the Gjekaj family.

The BIA denied Gjekaj's motion as time-barred, holding that (1) the motion did not address his past credibility issues; (2) the evidence he submitted did not establish a prima facie case for asylum because the blood feud appeared to be a personal and criminal matter; and (3) the evidence offered in support of the motion did not show changed country conditions that would materially alter the outcome

3

of his case.  Gjekaj then timely petitioned for review of the BIA's decision.

## III.

We review for abuse of discretion the BIA's denial of a motion to reopen. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam). "This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id. "The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings." Id. (citation omitted).

"An alien [subject to a final order of removal] may file one motion to reopen proceedings," but he must file that motion "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A), (C)(i). The 90-day time limitation does not apply if the motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." Id. § 1229a(c)(7)(C)(ii). "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in [his] personal circumstances." Zhang, 572 F.3d at 1319.

Gjekaj does not dispute that he filed his motion to reopen well after the

expiration of the 90-day time frame for doing so. His motion was therefore time-barred unless he showed that it was based on material changed country conditions in Albania. See 8 U.S.C. § 1229a(c)(7)(C)(ii).

Gjekaj has not met his burden. The evidence submitted in support of his motion to reopen does not show materially changed country conditions in Albania. Ivziku's release from prison is at best a change in Gjekaj's personal circumstances because, although Ivziku may have had a vendetta against the Gjekaj family, the record shows that the vendetta is a personal criminal matter.

**PETITION DENIED.**