[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

_____

No. 09-16287
Non-Argument Calendar

_____

Agency No. A079-436-904

QI YAN LU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 10, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Qi Yan Lu, a native of China, petitions for review of the Board of

Immigration Appeals's ("BIA") denial of his second motion to reopen removal proceedings. After review, we deny the petition for review.[1]

## I. BACKGROUND

In February 2002, Lu arrived at Miami International Airport without valid entry or travel documents. When he arrived, Lu told U.S. immigration officials that Chinese officials had arrested and tortured him in China because he owned a tea house where he had let Falun Gong members meet. However, in his subsequent application for asylum, withholding of removal and relief under the Convention Against Torture, Lu claimed that he feared political persecution because he faced sterilization under China's family planning policy if he had the number of children he desired.

At his removal hearing, Lu admitted that he did not own a tea shop and had never been arrested by Chinese authorities. In November 2002, the Immigration Judge ("IJ") denied Lu's application because Lu had not shown a credible fear of persecution, and, alternatively, as a matter of discretion, because Lu committed fraud by lying to immigration officials. In February 2004, the BIA affirmed.

---

[1]We review the denial of a motion to reopen removal proceedings for an abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). Judicial review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id.

In August 2008, Lu filed a motion to reopen his removal proceedings on the grounds that he had since joined the China Democracy Party ("CDP"), which would subject him to persecution as a political dissident if he returned to China. The BIA denied Lu's first motion to reopen as untimely and found that Lu had shown only changed personal circumstances, not changed country conditions needed to excuse his untimely motion. Specifically, the BIA explained that Lu had not shown that the Chinese government treated political dissidents any differently than it had in 2002, at the time of Lu's removal proceedings.

In February 2009, Lu filed a second motion to reopen alleging substantially the same grounds, that is, that Lu would be persecuted in China for his participation in the CDP. The BIA denied Lu's second motion to reopen as time- and numerically-barred and found, as with Lu's first motion to reopen, that Lu had not shown changed country conditions regarding the treatment of political dissidents or members of the CDP.[2] Lu petitioned for review.

## II. DISCUSSION

An alien may file one motion to reopen removal proceedings. Immigration and Nationality Act ("INA") § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A). The

___

[2]Alternatively, the BIA construed Lu's motion as a motion for reconsideration of the denial of his first motion to reopen and denied the motion for reconsideration as untimely. Lu does not challenge this ruling in his brief to this Court, and we do not address it. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

3

motion must be filed within ninety days of the BIA's final removal order. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and numerical limits do not apply if the movant can show "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The movant "cannot circumvent the requirement of changed country conditions by demonstrating only a change in . . . personal circumstances. Zhang, 572 F.3d at 1319-20 (explaining that the birth of a child is a change in personal circumstances, while more stringent enforcement of China's family planning policy is a change in country conditions).

Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quotation marks omitted). As such, the movant bears a "heavy burden." Zhang, 572 F.3d at 1319. Evidence is material if it "demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256-57 (11th Cir. 2009).

4

Here, Lu does not dispute that his second motion to reopen was untimely. Thus, Lu's motion was due to be denied unless he could show materially changed country conditions. Lu's second motion to reopen presented evidence that Chinese authorities would now target him because he joined the CDP in 2007 and continued to participate in CDP activities, but he did not present evidence that China's treatment of CDP members has changed since the IJ's 2002 removal order. In fact, in support of his original asylum application, Lu filed the U.S. State Department's China Country Report on Human Rights Practices for 2001 that indicates that the Chinese government has been waging a campaign against the CDP as a "would-be opposition party" and has arrested, detained and confined CDP members since at least 2001. Similarly, the U.S. State Department's Country Report on Human Rights Practices for 2007, which Lu submitted in support of his first motion to reopen, indicates that the Chinese government "continued" to target and imprison CDP members.

The only evidence Lu presented of an arguable change is a letter from Lu's father. In the letter, which is unsworn, Lu's father states, inter alia, that (1) in January 2009, the resident committee issued a notice that it was "continuing to severely punish" CDP members; (2)"cadres of the resident committee searched household after household for information" about CDP members, and (3) a CDP member in Zhejiang Province was arrested and sentenced. Lu's father then states

5

in conclusory fashion that "[t]he nationwide policy towards the Democracy Party became harsher." However, this general statement is not corroborated by government reports or any other record evidence or even by other statements in the letter. Indeed, the notice Lu's father says he received stated that Chinese authorities were "continuing" to severely punish CDP members, which is consistent with the 2007 Country Report. Accordingly, we cannot say the BIA abused its discretion in concluding that Lu failed to meet his heavy burden to show a material change China's treatment of CDP members since 2002.

Furthermore, we reject Lu's contention that the BIA failed to consider all of Lu's evidence. The BIA briefly identified all the evidence Lu submitted with his second motion to reopen before concluding that Lu did not merit relief. The BIA was not required to analyze each piece of evidence individually, so long as its decision gave reasoned consideration to Lu's motion and made adequate findings, which it did. See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006).

**PETITION DENIED.**