[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16407
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2010
JOHN LEY
CLERK

Agency No. A078-863-028

YAN JIN ZAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 7, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Yan Jin Zao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen her case for asylum and withholding of removal, pursuant to 8 C.F.R. § 1003.2(c). An

Immigration Judge ("IJ") originally ordered Zao removed in 2004, after finding that she did not credibly show that she was a Falun Gong adherent subject to persecution if returned to China. In 2009, Zao moved the BIA to reopen her case on the same grounds she alleged in her original application, and the BIA denied her motion as time-barred, and alternatively because she failed to set forth a prima facie case for relief.[1] In this petition, Zao argues that the BIA abused its discretion in denying her motion to reopen on the basis that she did not overcome the 90-day limitations period. After careful review, we deny the petition.

We review the denial of a motion to reopen removal proceedings for abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). The moving party bears a "heavy burden," and judicial review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id. Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quotation omitted).

Ordinarily, an alien who is subject to a final order of removal may file one motion to reopen. 8 U.S.C. § 1229a(c)(7)(A). This motion must be filed within 90

---

[1] The BIA denied her motion on other grounds as well, but Zao does not contest these on appeal and therefore has abandoned them. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

days of the date of the final removal order. 8 U.S.C. § 1229a(a)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Nevertheless, the time limits are inapplicable if the alien can demonstrate changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding. 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA has the discretion to deny a motion to reopen for at least three reasons: (1) failure to establish a prima facie case for asylum or withholding of removal; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite statutory eligibility for relief, an alien was not entitled to a favorable exercise of discretion. Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374-75 (11th Cir. 2007). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256-57 (11th Cir. 2009).

A government's escalated efforts to enforce an existing coercive policy can support a finding of changed country conditions necessary to grant an untimely motion to reopen. Id. at 1258. In Jiang, we granted a petition to review the BIA's denial of motion to reopen where the motion was based on evidence that China's

3

enforcement of its family planning law became more stringent since the original removal hearing.  Id.  In doing so, we noted that Jiang's motion focused on China's enforcement efforts as it was likely to affect her, providing evidence of increased forced sterilization in her province and her hometown in particular.  See id.

Here, however, Zao's untimely motion to reopen was due to be denied because she could not show materially changed country conditions.  While Zao submitted evidence showing that the Chinese government employed a particularly severe policy towards Falun Gong adherents, she did not establish that this policy had significantly worsened since 2004, when the IJ originally decided her case.  Accordingly, the BIA did not abuse its discretion in concluding that Zao did not demonstrate the materially changed country conditions necessary to excuse her untimely motion.[2]

**PETITION DENIED.**

---

[2] We briefly observe, however, that even if Zao had demonstrated changed country conditions, by failing to: (1) provide a reason why the BIA should consider her previously-presented evidence in light of its earlier adverse credibility finding; and (2) submit new evidence showing that she was in fact a Falun Gong adherent to whom Chinese policy would apply, she nevertheless failed to set forth a prima facie case for either asylum or withholding of removal. See Li, 488 F.3d at 1374-76.