[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2011
JOHN LEY
CLERK

No. 10-11788
Non-Argument Calendar
_____

Agency No. A042-281-032


NEVARDO DEJESUS RODRIGUEZ-CHAVARRIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 14, 2011)

Before EDMONDSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Nevardo Dejesus Rodriguez-Chavarria petitions for review the Board of Immigration Appeals' order affirming the decision of the Immigration Judge. The IJ's decision denied Rodriguez-Chavarria's motion to terminate his reopened removal proceedings. After careful review, we deny the petition.

I.

Rodriguez-Chavarria, a native and citizen of Colombia, was admitted into the United States as a lawful permanent resident on September 23, 1990. On May 13, 2003, Rodriguez-Chavarria was convicted of aggravated assault with a deadly weapon, in violation of Fla. Stat. § 784.021. Based on that conviction, the Department of Homeland Security issued a notice to appear in May 2003, charging Rodriguez-Chavarria with removability under Section 237(a)(2)(C) of the Immigration and Nationality Act.[1] At his removal hearing on June 19, 2003, Rodriguez-Chavarria conceded that he was removable under the INA. On July 10,

_____

[1] That section of the INA provides that:

Any alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable.

8 U.S.C. § 1227(a)(2)(C).

2003, he filed an application for cancellation of removal. The IJ granted that application, after a hearing, on July 23, 2003.

On October 24, 2008, DHS filed a motion to reopen removal proceedings and to vacate the IJ's cancellation of removal order. In support of its motion, DHS submitted a judgment of conviction from New Jersey showing that Rodriguez-Chavarria was arrested in 1995 and convicted in 1998 for possession of cocaine. DHS stated that: "[o]n or about July 23, 2003, [it] ran a background check and [Rodriguez-Chavarria's] cocaine possession conviction did not appear." DHS asserted that "[t]he existence of the 1995 cocaine arrest and subsequent 1998 conviction is material, and was not available for discussion back in July, 2003." The IJ granted DHS's motion to reopen on November 17, 2008.

On February 3, 2009, Rodriguez-Chavarria filed a motion to terminate his reopened removal proceedings, arguing that DHS's motion to reopen should not have been granted because his 1998 cocaine conviction was discoverable at the time of his original removal proceedings. Afer a hearing, the IJ denied Rodriguez-Chavarria's motion and ordered that he be removed to Colombia. In explaining his decision, the IJ stated that it was Rodriguez-Chavarria's burden to disclose his prior conviction and establish that he was statutorily eligible for cancellation of

3

removal.[2]  The IJ observed that Rodriguez-Chavarria could not "sit back and blame the DHS for its failure to discover his conviction and thus avoid his individual responsibility to disclose the conviction record."  The IJ also pointed out that Rodriguez-Chavarria was asked at his original removal proceedings about his arrest history, and he did not disclose his 1995 arrest for cocaine possession.[3]  Nor did he disclose the arrest on his application for cancellation of removal.  The IJ stated that: "[t]he existence of the 1995 cocaine arrest and subsequent 1998 conviction was material and was not available for discussion back in July of 2003."

Rodriguez-Chavarria appealed the IJ's decision to the BIA, which affirmed the IJ's decision without opinion.  He now petitions for review of that decision.

II.

We review a decision to reopen removal proceedings for an abuse of discretion.  INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724–25 (1992); Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).  When the BIA adopts the

---

[2]  An alien who seeks cancellation of removal bears the burden of establishing his eligibility.  See 8 C.F.R. § 1240.8(d).

[3]  At his July 2003 hearing, the government asked Rodriguez-Chavarria about his arrests in New Jersey.  Rodriguez-Chavarria testified that he had been arrested "for drinking in the park."  After disclosing that arrest, the government asked: "any other arrests?"  Rodriguez-Chavarria responded: "that I remember? No."

4

IJ's decision without opinion, we review only the decision of the IJ. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1235 (11th Cir. 2006). We review questions of law de novo. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1326 (11th Cir. 2003).

The Code of Federal Regulations provides that an IJ may reopen proceedings "upon his or her own motion at any time." 8 C.F.R. § 1003.23(b)(1). However, if a motion to reopen is filed by either party, the regulations provide: "[a] motion to reopen will not be granted unless the [IJ] is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). To be "material," the offered evidence must be the kind that, if the proceedings were reopened, would likely change the result in the case. See Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). Evidence that was available and could have been presented at a former hearing is not considered "new." Verano-Velasco v. U.S. Att'y Gen., 456 F.3d 1372, 1377 (11th Cir. 2006); see also Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009) (explaining that because motions to reopen are disfavored, the moving party bears a "heavy burden").

Rodriguez-Chavarria contends that the IJ improperly granted DHS's motion to reopen because the evidence offered—his 1995 arrest and subsequent conviction in 1998 for cocaine possession—was not "new" evidence. Because

5

both occurred before his original removal proceeding in July 2003, he argues that evidence was available and could have been discovered before the proceeding.

It is undisputed that Rodriguez-Chavarria's New Jersey cocaine possession arrest and conviction is "material" evidence. Had it been before the IJ in July 2003, the IJ could not have granted his application for cancellation of removal. The issue in this case is whether it was evidence that "was not available and [that] could not have been discovered or presented," 8 C.F.R. § 1003.23(b)(3), at his July 2003 removal proceeding.

We reject Rodriguez-Chavarria's argument that his arrest and conviction could have been discovered before his removal proceeding solely because they occurred first in time. The record shows that DHS performed a background check before Rodriguez-Chavarria's removal proceeding and that the arrest and conviction did not appear on the report. The record also shows that Rodriguez-Chavarria did not disclose his arrest or conviction on his application for cancellation of removal. To satisfy § 1003.23(b)(3), DHS did not have to prove to a metaphysical certainty that no amount of searching would have revealed Rodriguez-Chavarria's arrest and conviction. DHS exercised reasonable diligence to determine Rodriguez-Chavarria's eligibility for cancellation of removal by running a background check. Had Rodriguez-Chavarria disclosed his prior arrest

6

and conviction on his application for cancellation of removal—as he was required to do—his ineligibility would have been apparent. Under the circumstances of this case, we find that Rodriguez-Chavarria's arrest and conviction was evidence that "could not have been discovered." Accordingly, we conclude that DHS's motion to reopen was properly granted and therefore deny Rodriguez-Chavarria's petition.

PETITION DENIED.