[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2011
JOHN LEY
CLERK

No. 10-14780
Non-Argument Calendar
_____

Agency No. A099-555-085

JORGE EDUARDO MENDIETA-ESCRUCERIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 17, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Eduardo Mendieta-Escruceria, a citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") order, denying his motion to reopen his removal proceedings, brought under 8 C.F.R. § 1003.2(c) and the Immigration and Nationality Act ("INA") § 240(c)(7), 8 U.S.C. § 1229a(c)(7). On appeal, Mendieta-Escruceria concedes that his motion to reopen was untimely, but argues that his motion should have been granted because he established changed country conditions. After review, we deny the petition.

I.

"We review the [BIA's] denial of a motion to reopen removal proceedings for abuse of discretion." Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374 (11th Cir. 2007). Our review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). The BIA has discretion to deny a motion to reopen for at least three reasons:

> (1) failure to establish a prima facie case [of eligibility for asylum or withholding of removal]; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Li, 488 F.3d at 1374 (alteration in original) (quotation marks omitted).

Generally, "[a]n alien may file only one motion to reopen removal

2

proceedings, and it must be filed no later than 90 days after the final administrative decision." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009) (citing 8 C.F.R. § 1003.23(b)(1)). However, the time and numerical limitations do not apply when "(1) an alien files a motion to reopen that seeks asylum, withholding of removal, or [CAT relief]; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings." Id. (citing 8 C.F.R. § 1003.23(b)(4)(i)). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Id.

Mendieta-Escruceria concedes that he filed his motion to reopen after the 90-day deadline, but he argues that he presented evidence of changed country conditions that was not available at his original removal proceedings. In support of his motion, Mendieta-Escruceria submitted affidavits from three individuals who stated that they had been approached by members of the FARC since the time of Mendieta-Escruceria's removal hearing, threatened, and asked about his whereabouts. At his removal hearing in 2007, Mendieta-Escruceria offered affidavits establishing that FARC members were looking for him. Mendieta-

3

Escruceria also testified that the FARC was looking for him and wanted to kill him.

The evidence submitted by Mendieta-Escruceria in support of his motion to reopen was not new. It was essentially the same evidence that he presented to the BIA at his removal hearing. For that reason, Mendieta-Escruceria did not carry his "heavy burden" of "present[ing] evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang, 568 F.3d at 1256–57; see also Li, 488 F.3d at 1374. Thus, the BIA did not abuse its discretion by denying Mendieta-Escruceria's motion.

PETITION DENIED.