Jakhongir Safaralievich BEKOV, Petitioner,

v.

U.S. ATTORNEY GENERAL, Respondent.

No. 10–14824
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 16, 2011.

---

Richard A. Alvoid, Richard Alvoid, P.A., Pensacola, FL, for Petitioner.

Jessica R.C. Malloy, Kathryn L. Moore, David Bernal, Krystal Samuels, U.S. Department of Justice, Office of Immigration Litigation, Eric Holder, Jr., U.S. Attorney General's Office, Washington, DC, David Delgado, DHS, Office of Chief Counsel, Orlando, FL, for Respondent.

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Jakhongir Safaralievich Bekov ("Bekov"), a native and citizen of Uzbekistan, seeks review of the Board of Immigration Appeals's ("BIA") order denying his motion to reopen his removal proceedings filed pursuant to 8 C.F.R. § 1003.2. The BIA previously affirmed the Immigration Judge's ("IJ") denial of Bekov's application for asylum under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a); withholding of removal under the INA, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16. Bekov argues that the BIA erred in denying his motion to reopen because he presented new evidence that was previously unavailable. After thorough review, we deny Bekov's petition.

"We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir.2009) (quotation marks and alterations omitted). Our review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id.* "A motion to reopen shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available ... at the former hearing." 8 C.F.R. § 1003.2(c)(1). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir.2009).

█ The BIA did not abuse its discretion in denying Bekov's motion to reopen.

The BIA found that Bekov failed to establish how part of the evidence he submitted in support of his motion, the affidavit of an expert witness, was unavailable to him at the time of his removal proceedings. Although Bekov explained that the expert was unable to attend his removal proceedings because of illness, he did not explain why the expert could not have submitted the same affidavit in lieu of live testimony during Bekov's removal proceedings. The expert witness's affidavit addressed the general conditions in Uzbekistan, not conditions that arose after Bekov's removal proceedings.

■ The BIA also found that Bekov failed to satisfy his "heavy burden" to prove that his brother's affidavit, which he submitted in support of his motion, "would likely change the result in the case." *See Jiang*, 568 F.3d at 1256. Bekov's brother's affidavit corroborated Bekov's account of the physical injuries he suffered in Uzbekistan. The IJ, however, determined that Bekov's physical injuries were not inflicted on account of a statutorily protected ground and therefore did not warrant asylum relief. *See* INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). Bekov testified before the IJ that he was not a member of a political group or organization. The IJ also expressly found that "[Bekov] ha[d] not shown that any of the harm that he suffered in the past was on account of his membership in a particular social group." In light of this finding and Bekov's testimony, Bekov has not established that his brother's affidavit would likely change the outcome of his removal proceedings. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1292–93, 1303 (11th Cir.2001) (noting that an applicant who is unable to meet the standard for asylum generally cannot satisfy the more stringent standards for withholding of removal and CAT relief).

For these reasons, we deny Bekov's petition for review.

PETITION DENIED.