[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2011
JOHN LEY
CLERK

No. 10-15242
Non-Argument Calendar

_____

Agency No. A097-660-550

DE QUAN YU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 30, 2011)

Before EDMONDSON, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

De Quan Yu, a native and citizen of China, seeks review of the Board of Immigration Appeals' order denying his second motion to reopen his removal proceedings on the basis of changed circumstances in his country of nationality. See 8 U.S.C. § 1229a(c)(7). Yu's failed asylum application was based on persecution related to China's family planning policies.[1] He appealed the BIA's original order denying him relief, and this Court held that the BIA had correctly determined that "Yu did not personally suffer past persecution or have a well-founded fear of future persecution on account of his wife's forced abortion and sterilization." Yu v. United States Att'y Gen., 568 F.3d 1328, 1334–35 (11th Cir. 2009).

In August 2009, almost five years after the Immigration Judge ordered Yu removed, he filed his first motion with the BIA to reopen the removal proceedings. Three months after the BIA denied his first motion to reopen, he filed a second one. Both of those motions asserted that Yu was a Christian and that conditions in China had worsened with respect to religious persecution of members of

---

[1]In his asylum hearing Yu testified that his wife has remained in China with their three daughters and that he believes if he returns to China he will be imprisoned for leaving China illegally and will be fined. Yu v. United States Att'y Gen., 568 F.3d 1328, 1329 (11th Cir. 2009). The IJ observed that before Yu came to the United States in 2003, he went to Hong Kong, and then Kenya, and then Egypt, and then Spain, and then Cuba, and then Guatemala, and then Belize. He sought asylum only in the United States.

unregistered Christian churches. He contended that the evidence of the changed conditions was not available at the time he appeared before the IJ for his removal proceedings in 2004. In denying Yu's first motion to reopen, the BIA noted that Yu had not mentioned in his asylum application or his proceedings before the IJ that he was persecuted in China based on his religion. The BIA concluded that Yu had failed to meet the time limitations for filing a motion to reopen, and he had not met his burden of establishing changed country conditions. In denying Yu's second motion to reopen, the BIA observed that Yu had submitted some documents that had not been authenticated and some evidence that was not new or previously unavailable. The BIA concluded that because Yu's evidence still failed to establish changed country conditions in China, he did not qualify for an exception to the time and number limitations on his second motion to reopen.

Yu contends that the BIA abused its discretion by concluding that he failed to establish changed country conditions in China with respect to the treatment of unregistered Christians. He argues that the BIA failed to address evidence indicating that religious persecution of Christians had recently intensified in China, and it acted arbitrarily by ignoring the evidence that corroborated his claim. According to Yu, that evidence establishes changed country conditions, and the BIA should grant his second motion to reopen.

We review the denial of a motion to reopen removal proceedings for an abuse of discretion. Zhang v. United States Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id. Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Ali v. United States Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quotation marks omitted).

An alien who is subject to a final order of removal and wants to reopen the proceedings generally may file one motion to reopen. 8 U.S.C. § 1229a(c)(7)(A). That motion must be filed within 90 days of the date of the final administrative removal order. Id. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). In the present case, Yu's first motion to reopen was filed ten months after the BIA's final administrative removal order. His second motion to reopen was filed three months after the first one was denied.

There is an exception for the time and numerical limits on motions to reopen, however, if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been

discovered or presented at the previous proceeding." 8 U.S.C. §
1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). "An alien who attempts to show
that the evidence is material bears a heavy burden and must present evidence that
demonstrates that, if the proceedings were opened, the new evidence would likely
change the result in the case." Jiang, 568 F.3d at 1256–57. In examining the
evidence, the BIA is entitled to discount documents that have not been
authenticated. Kazemzadeh v. United States Att'y Gen., 577 F.3d 1341, 1353
(11th Cir. 2009).

The BIA correctly determined that the evidence Yu submitted did not
establish changed country conditions. The BIA addressed all of the evidence
together to conclude that there had been no change in Chinese policy that would
result in the increased persecution of Christians. Yu failed to meet his heavy
burden of showing evidence material to his contention of changed country
conditions, and the BIA did not arbitrarily or capriciously abuse its discretion in
denying his second motion to reopen.

**PETITION DENIED.**