[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 01, 2011
JOHN LEY
CLERK

No. 10-15458
Non-Argument Calendar
_____

Agency No. A098-730-701


ALEJANDRO MENDOZA,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 1, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Alejandro Mendoza, through counsel, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen his asylum proceedings. The BIA denied Mendoza's motion as untimely after concluding the evidence put forward did not establish changed country conditions. Mendoza argues the BIA abused its discretion by failing to compare the evidence of new conditions in Venezuela with those at the time of his removal hearing and by relying on a prior adverse credibility finding. After review, we deny Mendoza's petition.[1]

An alien generally may file one motion to reopen proceedings within 90 days of the date of the final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). The time and numerical limits do not apply, however, if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that

---

[1] We review the denial of a motion to reopen removal proceedings for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). Judicial review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id.*

demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009).

Mendoza has failed to satisfy his heavy burden to establish changed country conditions. Mendoza's submissions only show continued country conditions and do not demonstrate that country conditions based upon political persecution have worsened. Moreover, the BIA appropriately questioned the reliability of the submissions and concluded Mendoza failed to show why some of the information submitted was not obtained and presented at his removal hearing. Finally, although an adverse credibility determination does not alleviate the BIA's duty to consider other evidence, *see Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005), the BIA did not solely rely on the credibility determination as the basis for its decision. The BIA also weighed the reliability of the newly submitted evidence and concluded the submissions failed to show, if removed, Mendoza would face a materially greater risk of harm. The BIA did not abuse its discretion by denying Mendoza's motion to reopen.

**PETITION DENIED.**