[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13186
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2011
JOHN LEY
CLERK

Agency No. A097-133-642


BENBIN ZENG,
a.k.a. Ben Bing Zeng,

                                                        Petitioner,


                        versus


U.S. ATTORNEY GENERAL,

                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 14, 2011)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Benbin Zeng, a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA") order denying his motion to reopen removal proceedings as untimely, pursuant to 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). Zeng had entered the United States using a false passport and false visa containing the name of someone other than Zeng. An Immigration Judge ("IJ") found Zeng removable as charged, denied his request for asylum, withholding of removal, and CAT protection, and ordered him removed from the United States, and on December 30, 2005, the BIA affirmed the IJ's decision without issuing an opinion. On October 13, 2009, roughly four years after the BIA's decision, Zeng filed a motion to reopen his removal proceedings, offering new evidence and arguing that since the BIA's 2005 decision, China increased the enforcement of its family planning policy, which constituted a change in country conditions, in addition to his continued fear of persecution and forced sterilization if he was removed. The BIA denied Zeng's motion to reopen as untimely, and concluded that Zeng failed to demonstrate that the exception to the 90-day filing deadline applied because his motion was not supported by persuasive evidence of increased enforcement of the family planning policy in his home village or that he would face forced sterilization upon return.

In his brief, Zeng argues that: (1) the BIA abused its discretion when it failed to grant his motion to reopen because it was based upon new and previously

2

unavailable evidence of deteriorating country conditions resulting from the increased enforcement of China's one child policy, and he has presented sufficient background evidence demonstrating that forced abortions and sterilization procedures are becoming more common throughout China; and (2) the BIA erred in summarily denying his meritorious application for relief under the United Nations Convention Against Torture and Other Cruel Inhuman or Degrading Treatment or Punishment ("CAT"). After careful review, we deny the petition.

We review the denial of a motion to reopen removal proceedings for abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). Judicial review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (internal quotation omitted). Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Id. (internal quotation omitted).

Ordinarily, an alien who is subject to a final order of removal and wishes to reopen the proceedings may file before an IJ one motion to reopen. 8 U.S.C. § 1229a(c)(7)(A). This motion must be filed within 90 days of the date of the final removal order. 8 U.S.C. § 1229a(a)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). Nevertheless,

the time and numerical limits are inapplicable if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i).

The BIA has the discretion to deny a motion to reopen for, among other things, failure to introduce evidence that was material and previously unavailable. Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374-75 (11th Cir. 2007). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256-57 (11th Cir.2009). Evidence that is corroborated and based on personal knowledge will be favored. See Li, 488 F.3d at 1375 (holding that sworn affidavits based on personal knowledge that the Chinese government forcefully sterilized children in an alien's village, supplemented by government reports, were sufficient to show changed country conditions). Although the BIA is not required to discuss every piece of evidence presented, it is required to give reasoned consideration to all the evidence submitted by the petitioner. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1376 (11th Cir. 2006) (reviewing an IJ's order denying an application for withholding of removal).

4

We have recognized that a government's escalated efforts to enforce an existing coercive policy can support a finding of changed country conditions necessary to grant an untimely motion to reopen. Jiang, 568 F.3d at 1258.

Here, Zeng did not offer any evidence explicitly indicating enhanced enforcement of the one-child policy in his native province or a change in local implementation policies. The record and the bulk of his submissions tend to show that the policy has been continuously enforced in order to carry out the national planning law, as opposed to escalating it. Compare id. Thus, Zeng did not meet his heavy burden to show that the evidence he submitted in his second motion was material to his contention that changed country conditions in China excused his filing of an untimely motion to reopen. See id. at 1256-57; 8 C.F.R. § 1003.23(b)(4)(i). Additionally, the BIA gave reasoned consideration to all of the evidence submitted by Zeng. Tan, 446 F.3d at 1376. Lastly, because Zeng did not satisfy his burden and his motion to reopen was properly denied, his claim that he established a well founded fear of persecution and eligibility for CAT protection is moot as the BIA's previous determination that he was incredible and not eligible for CAT protection remains intact. Accordingly, the BIA did not abuse its discretion in denying Zeng's present motion, and we deny his petition for review.

**PETITION DENIED.**

5