[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13155
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2011
JOHN LEY
CLERK

Agency No. A077-009-107


XIU QING ZHENG,
LI FANG,
QIANG FANG,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 23, 2011)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Xiu Qing Zheng, lead petitioner, and her children Li Fang and Qiang Fang, natives and citizens of China, seek review of the Board of Immigration Appeals's ("BIA") denial of their motion to reopen proceedings based on changed country conditions. They argue that changed country conditions in China excuse their otherwise time- and number-barred filing. Specifically, they contend that (1) Zheng has violated China's family-planning laws because she has had three children; (2) enforcement of the one-child policy has been more stringent, both nationally and in her home province of Fujian, since her initial removal hearing in 1999; and (3) consequently, Zheng would likely be persecuted if she returned.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007) (per curiam). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724–25 (1992).

An alien may file only one motion to reopen proceedings, and he or she must do so within ninety days of a final administrative decision. 8 U.S.C.

§ 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). But these limitations do not apply if the motion to reopen is based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

To qualify for asylum or withholding of removal, the applicant must establish that she has a well-founded fear that she would be persecuted if she were removed to her home country. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1), 1231(b)(3). Involuntary sterilization is one kind of persecution expressly recognized by the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(42). We have previously addressed situations in which petitioners moved to reopen proceedings based on changed country conditions, fearing sterilization upon their return to China pursuant to the country's one-child policy. *See, e.g.*, *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1317–18 (11th Cir. 2009) (per curiam); *Jiang*, 568 F.3d at 1254; *Li*, 488 F.3d at 1372.

For instance, in *Jiang*, the petitioner argued that enforcement of China's family-planning laws was on the rise, particularly in her home province of Fujian. 568 F.3d at 1254. The petitioner presented testimony and affidavits reporting

3

punishments of increasing severity and confirming two forcible sterilizations in the petitioner's hometown; a statement from the Chinese Family Planning Committee; and congressional testimony and U.S. State Department country reports for 2004 and 2005 noting that a 2002 version of the law was recently implemented in her hometown. *Id.* at 1255. We granted the motion to reopen, finding that officials enforced family-planning laws more stringently in the interim between her original removal hearing and her motion to reopen, which caused conditions in China to worsen materially for violators. *Id.* at 1258.

Based on our review of the record and the parties' briefs, we grant Zheng's petition for review. Zheng has presented evidence—including, among other things, affidavits from individuals who were sterilized after having children abroad and returning to China, documents from the Chinese government, country reports from the U.S. State Department, and reports from non-governmental organizations and the media—indicating that, in the interim between her original hearing in 1999 and her motion to re-open in 2008, China's family-planning laws have been more stringently enforced and conditions for violators of those laws have changed. Consequently, the BIA abused its discretion in finding that changed country conditions did not warrant granting Zheng's motion to reopen.

**PETITION GRANTED.**