[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14821
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2011
JOHN LEY
CLERK

Agency No. A076-506-414

HUA QIAN ZHANG,
a.k.a. Hua Qin Jiang,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 6, 2011)

Before WILSON and MARTIN, Circuit Judges, and KRAVITCH, Senior Judge.

PER CURIAM:

Hua Qian Zhang appeals the BIA's order denying her motion to reopen her removal proceedings for untimeliness. Zhang argues that the BIA abused its discretion because her evidence showed changed country conditions in China. Zhang acknowledges that the BIA properly considered the general conditions in China for members of the China Democracy Party ("CDP"). She insists, however, that because she showed the likelihood of persecution if she were to return to China, the BIA should have granted her motion to reopen on the basis of changed country conditions.

An alien subject to a final order of removal must move to reopen the proceedings "within 90 days of the date on which the removal order became final." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam). The 90-day time limit does not apply if the alien can demonstrate "changed country conditions" in the country of nationality. *Id.* "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in her personal circumstances." *Id.*

The BIA did not abuse its discretion in denying Zhang's motion to reopen as untimely. Zhang filed her motion more than five years after the final order of her removal became final, and she did not present evidence of changed country conditions in China. Zhang's order became final on August 6, 2004, and Zhang

2

joined the CDP in May 2009. The 2002 Country Report stated that the Chinese government's campaign against the CDP began in 1998, and by 2002, the government was arresting CDP members and leaders. Political dissidents were already being placed in ankang institutions, and there was surveillance of political dissidents. The 2008 Country Report described similar conditions for CDP members, including arrests, incarceration in ankang institutions, and surveillance by the Chinese government. Dongxing Liu, the CDP Chairman, submitted a letter stating that CDP members have been arrested since 1998 and that the Chinese government declared the CDP a "hostile organization" in 2002.

Based on this evidence, the BIA did not abuse its discretion in finding that the country conditions had not changed in China since Zhang's order of removal became final. *See id*. Zhang's recent membership in the CDP and the associated greater risk of arrest is a changed personal circumstance, not a changed country condition. *See id.* (explaining that while the birth of additional children would be changed personal circumstances, the more stringent enforcement of China's one-child policy would be changed country conditions). Zhang has not shown that the Chinese government treats CDP members any differently today than it did when the BIA affirmed her order of removal in 2004. And the BIA did not misconstrue or discount the evidence—the BIA expressly considered the 2002 and

2008 Country Reports, Liu's letter, and the envelopes Zhang submitted.

Accordingly, we deny Zhang's petition for review.

    **PETITION DENIED.**