[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2011
JOHN LEY
CLERK

_____

No. 11-12887
Non-Argument Calendar

_____

Agency No. A095-898-784

SUSANA GLADYS CORDESCHI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 15, 2011)

Before DUBINA, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Petitioner Susana Gladys Cordeschi, through counsel, petitions for review the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her motion to reopen removal proceedings and permit her to seek adjustment of status, pursuant to 8 C.F.R. § 1003.2(c). Cordeschi acknowledges that she was granted voluntary departure in 2004, but argues that she was unable to depart in accord with her voluntary departure order because she had to care for her sick husband, who is a United States citizen and, at the time, a return to her native country, Argentina, was difficult due to political strife. She argues that she is eligible to adjust her status to that of a lawful permanent resident based on her marriage to a United States citizen, and the BIA abused its discretion by affirming the IJ's denial of her motion to reopen.

We review *de novo* our subject-matter jurisdiction. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted [her] administrative remedies with respect thereto." *Id.*

As an initial matter, Cordeschi exhausted her administrative remedies with respect to the arguments she proffers in her petition for review. In her brief to the BIA, Cordeschi argued that changed circumstances, in the form of her husband's diagnosis with prostate cancer, as well as dire country conditions, warranted

2

reopening her case and excused her failure to depart. Accordingly, we have jurisdiction to review these claims. *See Id.* at 1250.

Where, as here, the BIA issued its own decision, without expressly adopting the IJ's opinion or reasoning, we review the BIA's decision only. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

"We review the BIA's denial of the a motion to reopen removal proceedings for abuse of discretion." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). The moving party bears a "heavy burden," and judicial review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id*. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Ordinarily, an alien who is subject to a final order of removal and wishes to reopen the proceedings may file one motion to reopen. 8 U.S.C. § 1229a(c)(7)(A). This motion must be filed within 90 days of the date of the final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Nevertheless, the time limit is inapplicable if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if

such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in his personal circumstances. *Zhang*, 572 F.3d at 1319. "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009).

"Voluntary departure is a discretionary form of relief that allows certain favored aliens - either before the conclusion of removal proceedings or after being found deportable - to leave the country willingly." *Dada v. Mukasey*, 554 U.S. 1, 8, 128 S. Ct. 2307, 2312, 171 L. Ed. 2d 178 (2008). "When voluntary departure is requested at the conclusion of removal proceedings, as it was in this case, the statute provides a voluntary departure period of not more than 60 days." *Id.* at 10, 128 S. Ct. at 2313 (citing 8 U.S.C. § 1229c(b)(2)). "The alien can receive up to 120 days if he or she concedes removability and requests voluntary departure before or during removal proceedings." *Id.* (citing 8 U.S.C. § 1229c(a)(2)(A)). "The voluntary departure period in no event may exceed 60 or 120 days for §§

4

1229c(b) and 1229c(a) departures, respectively." *Id.* (citing 8 C.F.R. § 1240.26(f) (2007)).

The failure to timely depart, in accord with a voluntary departure, renders an alien ineligible, for a period of 10 years for adjustment of status. *Id.* at 18, 128 S. Ct. at 2318 (citing 8 U.S.C. § 1229c(d)(1)). "In return for anticipated benefits, including the possibility of readmission, an alien who requests voluntary departure represents that he or she has the means to depart the United States and intends so do so promptly." *Id.* at 19, 128 S. Ct. at 2319 (citing 8 U.S.C. § 1229c(b)(1)(D); 8 C.F.R. §§ 1240.26(c)(1)-(2) (internal quotation marks omitted). One of the substantive burdens imposed upon the alien when selecting voluntary departure is the obligation to arrange for departure, and actually depart, within the proscribed time period, and substantive limitations are not subject to equitable tolling. *Id.* at 19, 128 S. Ct. at 2319 (citation omitted). "[T]he alien has the option either to abide by the terms, and receive the agreed-upon benefits, of voluntary departure; or, alternatively, to forgo those benefits and remain in the United States to pursue an administrative motion." *Id.* at 21, 128 S. Ct. at 2319-20. "If the alien selects the latter option, . . . she gives up the possibility of readmission and becomes subject to the IJ's alternate order of removal." *Id.* at 21, 128 S. Ct. at 2320 (citing 8 C.F.R. § 1240.26(d)).

5

The relevant statutory provision, INA § 240B(d), 8 U.S.C. § 1229c(d), states that an alien, who fails to depart timely pursuant to a grant of voluntary departure, is ineligible for adjustment of status for 10 years, and it does not provide for the consideration of exceptional circumstances in making this ineligibility determination. *Ugokwe v. U.S. Att'y Gen.*, 453 F.3d 1325, 1328 n.5 (11th Cir. 2006) (stating that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, specifically excised statutory language in the INA which stated that "any alien allowed to depart voluntarily . . . who remains in the United States after the scheduled date of departure, other than because of exceptional circumstances, shall not be eligible for relief.").

Based on our review of the record, we conclude that the BIA did not abuse its discretion by affirming the IJ's denial of Cordeschi's motion to reopen. First, Cordeschi's motion to reopen was untimely, as she waited nearly 5 years to file it, and such a motion is normally required within 90 days. *See* 8 U.S.C. § 1229(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Second, no exception - such as changed country conditions - applied. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Third, she made no showing that the outcome would have been different if her motion to reopen was granted. *See Jiang*, 568 F.3d at 1256-57.

Specifically, Cordeschi had until March 16, 2005, to voluntarily depart the

6

United States in accordance with the voluntary departure order. She concedes that she failed to depart. Her arguments with regard to "exceptional circumstances" or "changed country" conditions are immaterial and inapposite with regard to the adjustment of status that she sought. *See Dada*, 554 U.S. at 18, 128 S. Ct. at 2318; 8 C.F.R. § 1003.2(c)(1). She failed to voluntarily depart in the time afforded to her, and she is subsequently ineligible for adjustment of status for 10 years, regardless of any consideration of exceptional circumstances. *Ugokwe*, 453 F.3d at 1328 n.5; *see* 8 U.S.C. § 1229c(d). Because we conclude that the BIA did not abuse its discretion by affirming the IJ's denial of Cordeschi's motion to reopen, we deny her petition for review.

**PETITION DENIED.**