[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14685
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2012
JOHN LEY
CLERK

Agency No. A088-380-419


ZENG YU LIN,
JIAN PING GAO,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 25, 2012)

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Zeng Yu Lin and her husband Jian Ping Gao ("Petitioners"), citizens of the People's Republic of China, seek review of the Board of Immigration Appeals's ("BIA") denial of their motion to reopen their removal proceedings. After review, we deny the petition.

## I. BACKGROUND

Petitioners' original asylum application sought relief based on their violation of China's one-child policy. Specifically, Petitioners alleged a well-founded fear that one of them would be forcibly sterilized if they returned to China because they already had two U.S.-born children.

On December 7, 2009, the Immigration Judge ("IJ") denied all requested relief. The IJ concluded that Petitioners had not shown that their fear of forced sterilization was objectively reasonable. In particular, the IJ found that most of Lin's evidence concerning China's family planning policy was general in nature and that her particularized evidence did not show that Chinese nationals who had U.S.-born children and then returned to Petitioners' hometowns were sterilized against their will.

On November 3, 2010, the BIA agreed with the IJ's findings and dismissed Petitioners' appeal. This Court denied the petition for review. Lin v. U.S. Att'y Gen., 438 F. App'x 771 (11th Cir. 2011) (unpublished).

2

On January 31, 2010, while Petitioners' first appeal to this Court was still pending, Petitioners filed a timely motion to reopen with the BIA. Petitioners' motion to reopen (1) submitted additional evidence in support of their original coercive family planning claim; and (2) alleged a new religious persecution claim based on Lin's recent conversion to Christianity and membership in the Church of Jesus Christ of Latter Day Saints. On September 14, 2011, the BIA denied Petitioners' motion to reopen, concluding that some of Petitioners' evidence pre-dated their removal hearing and the remaining evidence did not show that Petitioners were statutorily eligible for relief as to either claim. Petitioners filed this petition for review.

## II. DISCUSSION

An alien's motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." Immigration and Nationality Act ("INA") § 240B(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); see also 8 C.F.R. § 1003.2(c)(1). The motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

The BIA has the discretion to deny a motion to reopen because: (1) the alien

3

failed to introduce evidence that was material and previously unavailable; (2) the alien failed to establish a prima facie case of eligibility for asylum or withholding of removal; or (3) the BIA determined that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion. Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374-75 (11th Cir. 2007). Because motions to reopen are disfavored, an alien seeking to reopen removal proceedings bears a "heavy burden" to show that the new evidence would likely change the outcome of the case.[1] Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).

Here, the BIA did not abuse its discretion when it denied Petitioners' motion to reopen. With respect to Petitioners' coercive family planning claim, much of their evidence pre-dated the December 2009 removal hearing, and Petitioners have not explained why they could not have presented this material at the removal hearing. Petitioners' evidence that did post-date their removal hearing (recent news articles about forced sterilizations in China) did not pertain to individuals who, like Lin and Gao, were parents of U.S.-born children or who resided in Lin's or Gao's home county or village. As the BIA noted, Petitioners essentially sought to "raise[ ] the same unsuccessful family planning petition" they

---

[1] We review the denial of a motion to reopen for an abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).

previously presented to the IJ and then to the BIA.  The BIA, therefore, did not abuse its discretion in concluding that this new evidence would not have changed the result of Petitioners' case.[2]

The BIA also did not abuse its discretion in determining that Lin's new evidence failed to establish a prima facie case of religious persecution.  According to the State Department's 2007 International Religious Freedom Report, Christianity is one of the five authorized religions in China, and the Chinese government's interference with Christian worship targets members of unauthorized "house churches."  Similarly, Lin's other evidence related to the targeting of Christians who attend these unsanctioned "house churches."[3] Although Lin's affidavit stated that she intends to practice Christianity in China, it

---

[2]Petitioners cite several decisions that are materially distinguishable.  See Zhang, 572 F.3d 1316; Jiang v. U.S. Att'y Gen., 568 F.3d 1252 (11th Cir. 2009); Li v. U.S. Att'y Gen., 488 F.3d 1371 (11th Cir. 2007).  These cases involved untimely motions to reopen, such that the petitioners were required to present evidence of changed country conditions to lift the time bar. This Court concluded that the petitioners had presented such evidence, but did not reach the merits of the motions to reopen.  In contrast, Petitioners here filed a timely motion to reopen, which the BIA denied on the merits.

[3]Among other things, Lin submitted a January 15, 2011 letter from Lin's aunt in China. Lin's aunt stated that she was baptized as a Christian thirty years ago and attended small church meetings in the homes of fellow believers.  At some point, the police discovered the "illegal gathering" and took the congregants to the police station, where they beat and interrogated Lin's aunt and released her only after she signed a letter agreeing to never again attend an underground church activity.  We note, as the BIA did, that it is not clear from the letter when these events occurred and whether this evidence was available and could have been presented at Petitioners' removal hearing.

5

did not state that she plans to attend one of the unsanctioned house churches or that her religious beliefs would prevent her from attending a government-sanctioned Christian church.

Additionally, Lin's evidence does not establish that government interference with Christian house churches in Fujian Province, where Lin would live, currently is so widespread as to create a well-founded fear of persecution. The evidence indicates that the Chinese government's treatment of house church members varies widely from region to region. Although the 2007 Religious Freedom Report mentions that government officials closed some house churches in Fujian Province in 2007, most of the reports in the record identify other regions of China as being more dangerous for house church worshipers, and many of the articles Lin submitted detailed events that occurred three to five years before Petitioners filed their motion to reopen. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen as to Lin's religious persecution claim.

**PETITION DENIED.**