[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15566
Non-Argument Calendar
_____

Agency No. A097-983-975

DARWIN ROBLES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 17, 2012)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Darwin Robles, a native and citizen of Ecuador, appeals the Board of

Immigration Appeals's ("BIA") order denying his motion to reopen proceedings so

that he could apply for withholding of removal under the Immigration and

Nationality Act ("INA") § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the

United Nations Convention Against Torture and Other Cruel, Inhuman or

Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).[1]

In his motion to reopen, Robles claimed that he fears persecution and torture

on account of his homosexuality if he is removed to Ecuador.   On appeal, he

argues that the BIA erred in finding that he failed to establish a *prima facie* case of

eligibility for withholding of removal or CAT relief in his motion to reopen, and

that the BIA abused its discretion in denying the motion.   Specifically, he asserts

that the evidence he submitted in support of his motion to reopen "confirms his

fear of persecution."   Further, he contends that although the Ecuadorian

Constitution made discrimination based on sexual orientation illegal in 2008, the

evidence he presented in his motion to reopen "reflects government acquiescence"

to alleged instances of torture such that CAT relief is warranted.[2]

---

[1]    Although we asked the parties to address whether 8 U.S.C. § 1252(a)(2)(B) limits our jurisdiction over this petition, we agree with the parties that § 1252(a)(2)(B), which limits to some extent our review of certain discretionary determinations of the BIA, is inapplicable to Robles's petition.   Robles seeks to reopen his removal proceedings in order to apply for withholding of removal and CAT relief, both forms of relief which are non-discretionary.
   Robles was originally placed into removal proceedings when his conditional status as a lawful permanent resident was terminated.   He subsequently was ordered removed after the Immigration Judge denied his requests for a good-faith marriage waiver and voluntary departure. None of these decisions are at issue in this petition.

[2]    Robles also argues that the BIA erred when it "categorically found" that he had not

We review the denial of a motion to reopen removal proceedings for an abuse of discretion.    *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).    When appropriate, judicial review will be "limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.    The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings."    *Id.* (citations omitted).

A motion to reopen proceedings before the BIA "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."    8 C.F.R. § 1003.2(c)(1); INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B).    Further, "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ."    8 C.F.R. § 1003.2(c)(1).    To make such a showing, the movant "bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely

"moved to reopen proceedings to apply for asylum," and he further asserts that he is eligible for asylum.    Because he failed to raise the issue of asylum before the BIA, any claim in that respect is unexhausted, and we lack jurisdiction to consider it.    *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lack jurisdiction to consider a claim not raised before the BIA, even when the BIA *sua sponte* considers the claim).    Moreover, to the extent he is arguing that the BIA procedurally failed to address one of the claims he included in his motion to reopen, that is refuted by the record for the same reason.

3

change the result in the case." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (quotations and alterations omitted). One reason the BIA may deny a motion to reopen is the alien's failure to establish a *prima facie* case of eligibility for withholding of removal and CAT relief. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

To obtain withholding of removal, an applicant must establish that upon removal to his country, his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The applicant "bears the burden of demonstrating that it is more likely than not [he] will be persecuted or tortured upon being returned to [his] country" on account of one of those protected grounds. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006) (quotations omitted). An applicant can meet this showing either by demonstrating that he suffered past persecution, which gives rise to a rebuttable presumption of a well-founded fear of future persecution. *Id.* Even if an applicant has not suffered past persecution, he can establish eligibility for withholding of removal by showing "that it is more likely than not that [he] would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to that country." *Id.* (citing 8

4

C.F.R. § 208.16(b)(2)).    The applicant's well-founded fear must be both subjectively genuine and objectively reasonable.    *See Al Najjar*, 257 F.3d at 1289.

To establish a CAT claim, the alien must establish that he "more likely than not . . . would be tortured if removed to the proposed country of removal."    *Al Najjar*, 257 F.3d at 1303 (quotation omitted).    The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."    *Id.*    A government official acquiesces in torture where the official is aware of the torture before it occurs "and thereafter breach[es] his or her legal responsibility to intervene to prevent such activity." *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004).

Upon review of the record and consideration of the parties' briefs, we cannot say that the BIA abused its discretion in denying Robles's request to reopen his removal proceedings to allow him to apply for withholding of removal and CAT relief.    The BIA concluded that Robles failed to establish a *prima facie* case of eligibility for withholding of removal or CAT relief in his motion to reopen.    *See Al Najjar*, 257 F.3d at 1302.    The evidence showed that Ecuador's Constitution made "discrimination based on sexual orientation illegal," and, in 2008, it legalized civil unions for same-sex couples.    Other evidence also showed that organizations in Ecuador actively worked to fight discrimination against homosexuals.    Robles

5

points to additional evidence he submitted, including news articles describing attacks on gay rights activists, sexual harassment by certain sects of the Catholic Church in Equador, and "illegal clinics" which sometimes used violent methods to try to convert homosexuals, to establish that he will be persecuted should he return to Equador.   Although some of the incidents described could arguably constitute persecution, Robles has not presented any evidence to support a finding that he will be singled out for such treatment on account of his homosexuality nor that the incidents described show a pattern or practice of treatment towards homosexuals in Equador.   *See* 8 C.F.R. § 208.16(b)(2).

Thus, we cannot say that the BIA abused its discretion in concluding that Robles did not meet his burden of demonstrating that "it is more likely than not" that he will be persecuted upon being returned to Ecuador.   *Tan*, 446 F.3d at 1375. Regarding his request for CAT relief, Robles similarly failed to establish that he would "more likely than not" be tortured in Ecuador.   *Al Najjar*, 257 F.3d at 1303.

**PETITION DENIED.**

6