[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14818
Non-Argument Calendar
_____

Agency No. A098-730-529

ROGER ALFREDO MENDOZA,
RAIZA JOSEFINA TORRES HERNANDEZ,
DANIEL ALEJANDRO OCHOA TORRES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 8, 2012)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Roger Alfredo Mendoza and two of his family members petition for review

of the Board of Immigration Appeal's ("BIA") denial of an untimely motion to reopen their removal proceedings. The Mendozas argue that their late filing should be excused because country conditions in Venezuela changed since the time of their original hearing in 2008.

We review the denial of a motion to reopen a petitioner's removal proceedings for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id.*

An alien who seeks to reopen immigration proceedings must file a motion to reopen within ninety days after the issuance of the "final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). The time limitation may not apply, however, when the motion is predicated on material changed country conditions arising in the country of nationality or the country to which removal has been ordered. *Id.* § 1229a(c)(7)(C)(ii). "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in . . . personal circumstances." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam).

A review of the record reveals that there has been no material change in Venezuela's country conditions in the time since the Mendoza's immigration

2

hearing.  There is evidence that human-rights conditions in Venezuela are currently poor.  But the Department of State Human Rights Reports for the years 2004 and 2007 also demonstrate that conditions were poor for people who politically opposed President Chavez and his administration.  The government harassed, intimidated, and imprisoned political opponents.  Additionally, the government intimidated and restricted media access before 2008.  For instance, as early as 2002, President Chavez had the power to restrict media access by suspending telecommunications broadcasts.  There are pre-2008 reports that criminal defamation and libel laws were used to intimidate private media.  There is also evidence that before 2008 the government gave tacit or official support to individuals and entities acting against its opposition.  In 2004 government sympathizers attacked a private-media crew while National Guard Troops watched.

The evidence of recent conditions does not show a material change from pre-2008 conditions.  Any change in the Mendozas' political involvement does not excuse the late filing.  Accordingly, we cannot say that the BIA abused its discretion by denying the motion to reopen the proceedings, which was filed more than ninety days after the final administrative order of removal.

**PETITION DENIED**.

3