[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11545
Non-Argument Calendar
_____

Agency No. A070-120-276

ZENMO CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitioner for Review of a Decision of the
Board of Immigration Appeals
_____

(November 21, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

The sole issue presented by this petition for review is whether the Board of Immigration Appeals ("BIA") abused its discretion in dismissing Petitioner's untimely and numerically-barred motion to reopen his removal proceedings based on its conclusion that Petitioner failed to demonstrate changed circumstances that warranted reopening those proceedings. We find no abuse of discretion and therefore deny his petition.

On February 16, 1994, an Immigration Judge ("IJ") ordered Petitioner removed *in absentia* after he failed to appear for his deportation hearing. On July 10, 2002, Petitioner moved the BIA to reopen his removal proceedings. No appeal was pending before the BIA, so it forwarded the motion to the IJ, who denied it as untimely on August 26, 2002. Petitioner did not appeal the IJ's decision.

On February 4, 2011, Petitioner filed a second motion to reopen with the IJ. He claimed that he had recently become involved with the China Democratic Party ("CDP"), and that the Chinese government's "crackdown against its members has significantly intensified" since his July 10, 2002 motion to reopen. On February 14, 2011, the IJ dismissed Petitioner's motion to reopen because it was untimely and numerically barred. Petitioner appealed the IJ's decision to the BIA, and, on February 24, 2012, it dismissed the appeal as untimely and numerically barred.

2

The BIA did so after agreeing with the IJ "that [Petitioner] has not established changed circumstances" arising in China. *See* 8 C.F.R. 1003.2(c)(3)(ii).

We review the BIA's denial of a motion to reopen removal proceedings for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). Review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Id*. Motions to reopen are disfavored; the moving party therefore bears a heavy burden to demonstrate that the new evidence would likely change the result in the case if reopened. *Id*. The BIA may deny a motion to reopen on any one of three grounds: (1) the movant failed to establish a *prima facie* case for relief; (2) the movant failed to present evidence that was material and previously unavailable; or (3) the BIA determines that, despite eligibility for relief, the alien is not entitled to a favorable exercise of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009).

An alien may only file one motion to reopen, and must do so no later than 90 days after the final order of removal. Immigration and Naturalization Act ("INA") § 240(c)(7)(A), (C), 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). The time and number limitations on motions to reopen, however, do not apply where the motion is based upon changed country conditions arising in the alien's country of nationality or within the country to which removal is

3

ordered. *Jiang*, 568 F.3d at 1256; INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The alien must demonstrate that conditions within the relevant country have changed, as a change in personal circumstances alone will not suffice to allow an otherwise untimely and successive motion to reopen. *See Zhang*, 572 F.3d at 1319.

The 2009 Human Rights Watch Report on China explained that there has not been any significant change in the Chinese government's policy toward organizations that challenged the Chinese government's control. Further, the reports and articles submitted demonstrate that the Chinese government has been suppressing pro-democracy political activity through arrests and imprisonments since 1989. Specifically, the CDP was dismantled in under two years, and the Chinese government continued to arrest CDP members from its inception in 1998 until its effective demise in 1999. Further, Petitioner's personal experience as a student protestor demonstrates that the Chinese government imprisoned him for participating in the pro-democracy movement in 1989, before he arrived in the United States and before he filed his previous motion to reopen. Because Petitioner has failed to demonstrate changed circumstances in the treatment of political activists in China since he filed his previous motion to reopen, the BIA

4

did not abuse its discretion in dismissing his appeal.  Accordingly, we deny his petition.

PETITION DENIED.