[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12987
Non-Argument Calendar
_____

Agency No. A097-669-382


FENG ZHENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 19, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Feng Zheng, a native and citizen of the People's Republic of China, seeks review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings. We deny Zheng's petition for review.

## I. BACKGROUND

In January 2004, Zheng was issued a Notice to Appear charging her with removability for being an alien, who was not in possession of a valid entry document, in violation of the Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). Zheng applied for asylum and withholding of removal based on (1) political opinion and (2) the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). In support of her application, Zheng submitted transcripts of her interviews by various immigration authorities and the 2002 United States Department of State's Human Rights Report for China ("2002 Country Report").

In her interviews, Zheng stated that, while working for a family planning office in China, she secretly had warned a pregnant woman of upcoming inspections. Zheng was reported to government officials, and she fled to the United States to avoid a fine and imprisonment. The 2002 Country Report described the lack of freedom of speech and press in China, as well as efforts by the Chinese government to monitor online activity and punish political activists, including members of the China Democracy Party ("CDP").

2

After conducting a hearing, an immigration judge ("IJ") denied Zheng's application and ordered her removed in April 2004. The BIA summarily affirmed the IJ's decision in July 2004.

In July 2012, Zheng moved to reopen her removal proceedings. She alleged she recently had joined the CDP, had spoken out publicly against the Chinese Communist Party, and had published an article criticizing the Chinese government and advocating for the overthrow of autocracy in China. Zheng asserted that efforts by Chinese authorities to monitor and restrict online activities and silence political activists had increased since 2004. Because of her public opposition to the Communist Party, Zheng argued she had a meritorious claim for asylum and a well-founded fear of future persecution, if she returned to China. Zheng also asserted she had a viable claim for withholding of removal and was eligible for relief under CAT. In support of her motion, Zheng submitted records documenting her CDP activities, several news articles addressing political activism in China, and the Department of State's Human Rights Reports for China for 2003 and 2011 ("2003 Country Report" and "2011 Country Report").

The BIA denied Zheng's motion to reopen, because her motion was untimely, and she had not shown changed country conditions that would excuse the untimeliness. Alternatively, the BIA determined Zheng had not established a prima facie case of eligibility for asylum. This petition for review followed.

3

## II. DISCUSSION

We review the BIA's denial of a motion to reopen for abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam).  An alien subject to a final order of removal must move to reopen the proceedings within 90 days of the date on which the removal order became final.  INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); *Zhang*, 572 F.3d at 1319.  The 90-day time limit does not apply, if the alien can establish "'changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.'"  *Zhang*, 572 F.3d at 1319 (quoting INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii)).  Evidence is "material," if it likely would change the result in the case upon reopening.  *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009).  An alien cannot circumvent the changed-country-conditions requirement by showing only a change in personal circumstances.  *Zhang*, 572 F.3d at 1319.

The evidence submitted by Zheng at most showed a marginal or incremental increase in the electronic surveillance conducted by the Chinese government.  The Department of State's Country Reports similarly did not establish a material change in the Chinese government's campaign against the CDP, which has been ongoing since 2004.  The 2002 and 2011 Country Reports both noted the Chinese

4

government maintained tight restrictions on freedom of speech and the press, and they described increasing efforts to control and monitor the Internet.  The news articles submitted by Zheng, which addressed six instances of imprisonment of human rights and democracy activists, also were insufficient to show a material change in country conditions.  Finally, evidence regarding Zheng's own recent political activities showed only changes in her personal circumstances, not changes in the conditions in China.  Because Zheng's evidence did not establish a material change in the conditions in China, the BIA did not abuse its discretion when it denied her motion to reopen proceedings.[1]

**PETITION DENIED.**

---

[1] The BIA alternatively held that, even if Zheng had shown cause to excuse the 90-day limit on reopening of proceedings, she had not established a prima facie case of eligibility for asylum.  Because we conclude the BIA did not abuse its discretion by refusing to reopen proceedings, we do not address its alternative holding.

5