[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15396
Non-Argument Calendar
_____

Agency No. A097-341-676

SHI-HANG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 24, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Shi-Hang Chen, a native and citizen of the People's Republic of China,

seeks review of the Board of Immigration Appeals' order denying his motion to

reopen his removal proceedings.  Chen contends that the country conditions in his

home province of Fujian have materially changed, and if he is forced to return there, he will be punished for violating the family planning laws because he has two children.

We review the denial of a motion to reopen for an abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Id. "The moving party bears a heavy burden as motions to reopen are disfavored, especially in removal proceedings." Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009) (citation omitted).

An alien seeking to reopen removal proceedings based on changed country conditions must present "evidence [that] is material and [that] was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). Chen did not meet his heavy burden of presenting the required evidence. In its order denying Chen's motion to reopen, the BIA recognized that the two Country Reports that Chen had submitted, the 2004 report in support of his application for asylum in his initial removal proceedings and the 2013 report in support of his motion to reopen, both discuss essentially the same types of enforcement of China's family planning policies, including coercion, forced sterilization and abortion, and social compensation fees. While in his initial removal proceedings he proffered specific evidence about family planning

2

measures taken against the woman who was his wife at that time, in his present proceedings, he proffered no new evidence showing that the country conditions have worsened in a way that is likely to cause him to be singled out for forced sterilization or other persecution upon returning to China with two foreign-born children.  Although Chen did present evidence showing that his personal circumstances have changed, that is insufficient to support a motion to reopen.  See Jiang, 568 F.3d at 1258 (stating that "changed personal circumstances do not meet the standard for a petition to reopen"); see also Zhang, 572 F.3d at 1319 ("An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in her personal circumstances.").

The BIA did not act in an arbitrary or capricious fashion or abuse its discretion by denying Chen's motion to reopen.

**PETITION DENIED.**