[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17243
Non-Argument Calendar
_____

Agency No. A098-050-743


ASSAN JENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 28, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

In January 2006 the United States Citizenship and Immigration Services sent Assan Jeng a Notice to Appear, charging him with being removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a time longer than permitted.  In July 2007 Jeng failed to appear at his removal hearing, and an Immigration Judge ordered his removal in absentia under 8 U.S.C. § 1229a(b)(5).  Six years later Jeng filed a motion to reopen his removal proceedings and rescind the in absentia order of removal.  The IJ denied his motion after finding that Jeng failed to rebut the presumption that he received the Notice to Appear.  The IJ also exercised its discretion to deny the motion after concluding that Jeng failed to act with due diligence in seeking to reopen his removal proceedings.  The Board of Immigration Appeals affirmed the IJ's denial on both grounds.  Jeng petitions for review of the BIA's order, contending that its decision to deny his motion to reopen was arbitrary and capricious.

We review for an abuse of discretion the BIA's denial of a motion to reopen. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  The BIA's discretion to reopen "is so wide that even if the party moving has made out a prima facie case for relief, the BIA can deny a motion to reopen a deportation order." Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999), abrogated on other grounds by Avila-Santoyo v. U.S. Att'y Gen., 713 F.3d 1357 (11th Cir. 2013).  Given that deferential standard, judicial review is limited to determining "whether the BIA

2

exercised its discretion in an arbitrary or capricious manner." Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).

In most cases an alien may file only one motion to reopen, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). But an alien may file a motion to reopen in order to rescind an in absentia order of removal at any time if he shows that he never received notice of the removal proceeding. 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii).

Even if we assume that Jeng never received the Notice to Appear, the BIA did not abuse its discretion by denying his motion to reopen.[1] Jeng's removal hearing took place on July 3, 2007, and he was ordered removed in absentia that same day. Jeng acknowledges that he learned of the in absentia removal order on October 31, 2007, but he did not file a motion to reopen until February 2014. Despite that delay, he argues that he "acted with diligence" because he filed his motion to reopen once he was "eligible for relief" by virtue of "his marriage to his U.S. Citizen spouse." He does not explain why he delayed six years in seeking to reopen his removal proceedings beyond asserting that it would have been

---

[1] Because we assume without deciding that Jeng did not receive the Notice to Appear, we do not address his argument that the BIA abused its discretion by concluding that he failed to rebut the presumption that he did receive the notice.

3

"illogical" for him to "have sought to reopen [the] case earlier, when he did not have relief available to him."

That Jeng "acted with diligence" once he was eligible for relief does not excuse his lack of diligence in seeking to reopen his removal proceedings after he learned of the removal order. As this Court has explained, "motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quotation marks omitted). Jeng should not be rewarded for attempting to use the six-year delay to his advantage, see id., and as a result the BIA did not abuse its discretion by denying his motion to reopen after concluding that he failed to exercise due diligence to redress the in absentia removal order. The BIA's decision not to reopen Jeng's removal proceedings years after Jeng learned of the in absentia removal order was not arbitrary or capricious. See Zhang, 572 F.3d at 1319; see also Anin, 188 F.3d at 1279 ("[T]he BIA [has] the discretion to reopen immigration proceedings as it sees fit.").

**PETITION DENIED.**