[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15778
Non-Argument Calendar
_____

Agency No. A096-001-331


YA LIN,
a.k.a. Ching Soo Mei,
a.k.a. Soo Mei Ching,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 3, 2013)

Before CARNES, Chief Judge, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Ya Lin, a Chinese national, seeks review of the Board of Immigration Appeals' order denying her motion to reopen removal proceedings. Ya Lin contends that changed country conditions entitle her to file a motion to reopen more than 90 days after the BIA's 2005 removal order.

I.

In 2002 Lin entered the United States illegally. During her credible fear interview, she said she feared being questioned by Chinese authorities about her brother's participation in Falun Gong, a persecuted spiritual group. Lin then applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT), claiming, for the first time, to have been personally involved in Falun Gong. At her removal hearing, the immigration judge found that Lin was not credible, given the "substantial and material inconsistencies in the record," and that she had not established past persecution or a well-founded fear of future persecution. The BIA affirmed that decision in 2005.

Seven years later, in 2012, Lin moved to reopen her removal proceedings, claiming that, because of changed country conditions, she was exempt from the 90-day time limit for filing motions to reopen. Since her original removal hearing, Lin had given birth to two children in the United States. She contended that, over the same period, incidents of forced abortions and sterilization procedures for parents with multiple children had increased in China. Lin claimed that, even if

2

she were not forced to undergo a sterilization procedure, she would be required to pay a heavy fine for violating China's one-child family planning policy. In support of her motion, Lin attached parts of two State Department reports on China, unauthenticated statements from two Chinese nationals claiming to have been sterilized, and an unauthenticated letter from a friend claiming to have been sterilized after her second child was born.

After considering those documents and the remainder of Lin's evidence, the BIA concluded that she had failed to show a change of country conditions in China and denied her motion to reopen as untimely. Noting Lin's "previous lack of candor," the BIA found her unauthenticated Chinese documents to be of questionable authenticity and low evidentiary value. Even taking those papers into account, the BIA said that Lin had failed to show that family planning enforcement in her hometown rose to the level of persecution. And while documents from other towns might show that persecution occurred elsewhere, Lin had not demonstrated how evidence from those towns applied to her. This is Lin's appeal.

## II.

We review the denial of a motion to reopen removal proceedings for an abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). Our review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id.

3

An alien may move to reopen removal proceedings within 90 days of the final administrative order of removal.  8 C.F.R. § 1003.2(c)(2).  The 90-day deadline does not apply if the motion is based on material changes in country conditions that were not discoverable at the time of the removal hearing.  8 C.F.R. § 1003.2(c)(3)(ii).  When an alien seeks to prove changed country conditions, however, she bears a "heavy burden" of showing that material changes have occurred and that the evidence demonstrating them is authentic.  See Ali v. U.S. Att'y Gen., 443 F.3d 804, 813–14 (11th Cir. 2006).  If an alien's documents have not been authenticated, the BIA is entitled to discount them.  See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1353 (11th Cir. 2009).

In this case, the BIA did not abuse its discretion in denying Lin's untimely motion to reopen proceedings.  Lin simply failed to carry her heavy burden before the BIA, neither proving that material changes had occurred nor showing that the evidence demonstrating them was authentic.  In her brief on appeal, Lin tries to overcome those shortcomings by arguing that her case is like others where we have granted an alien's petition, vacated the BIA's order, and remanded for further proceedings.  See Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1320 (11th Cir. 2009) (noting that the BIA ignored a report that corroborated the alien's claim of changed country conditions); Jiang, 568 F.3d at 1257–58 (holding that Jiang had presented evidence that the family planning laws were more stringently enforced in her

4

hometown, which led to forced sterilizations); Li v. U.S. Att'y Gen., 488 F.3d 1371, 1375 (11th Cir. 2007) (holding that the BIA's finding that "Li's evidence involved specific instances of forced sterilization, not a new policy, [was] nonsensical," and concluding that Li presented evidence of a recent campaign of forced sterilization in her home village). While the aliens in those cases did show that the BIA erred in denying their motions, Lin differs from them in at least two key respects.

First, the petitioners in the cited cases had credibility. Lin did not, having never rehabilitated her credibility after the IJ's and BIA's issuance of an adverse credibility determination against her. Second, those cases involved evidence that, despite being credible and consistent with the aliens' claims, was ignored by the BIA. Here, the BIA did not overlook Lin's evidence; it considered her evidence in depth. In doing so, the BIA reasonably found that the evidence was neither credible — having not been meaningfully authenticated — nor supportive of Lin's claims, either because it failed to show conduct that rises to the level of persecution, had no relevance to Lin's stated fears, or dealt with places other than her hometown. See Zhang, 572 F.3d at 1319–20 (asking whether an alien faced sterilization in her hometown); Jiang, 568 F.3d at 1257–58 (same); Li, 488 F.3d at 1375 (same). As a result, even if the aliens in Zhang, Jiang, and Li merited relief, the BIA did not err in treating Lin differently. Those aliens shouldered their

5

burdens of proof; Lin, suffering from low credibility and unsupportive evidence, did not.  The BIA thus did not abuse its discretion in denying Lin's request to reopen.

**PETITION DENIED.**