[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11058
Non-Argument Calendar
_____

Agency No. A098-564-173

MASRI SASTRAWAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 17, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Masri Sastrawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals's (BIA's) denial of his motion to reopen and reconsider the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). After thorough review, we deny the petition.

In 2008, Sastrawan filed an application for asylum, withholding of removal, and CAT relief, alleging that, because he had married a Christian woman and converted to Christianity, he would be subject to persecution if he returned to Indonesia. The Immigration Judge (IJ) denied Sastrawan's application, finding that he had not demonstrated he would be persecuted in Indonesia. Sastrawan appealed to the BIA, which affirmed the IJ's decision in May 2010.

In September 2012, Sastrawan filed a motion to reopen and motion for reconsideration, arguing that a change in the law and changed country conditions in Indonesia warranted a new hearing. The BIA denied Sastrawan's motions, finding that his motion to reconsider was untimely and that he failed to demonstrate changed country conditions necessary to overcome the time limitation governing motions to reopen. Sastrawan petitions this court for review of that decision.

Sastrawan first asserts that the BIA should have granted his motion for reconsideration because two Ninth Circuit cases establish a new legal framework

that warrants reconsideration of his application. *See Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010); *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009). We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008). An alien must file a motion to reconsider "within 30 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(6)(C). The BIA issued its final order of removal in May 2010, and Sastrawan did not move for reconsideration until September 2012, more than two years later, well after the deadline for filing a motion for reconsideration. *See id.* And the cases on which he relies do not create an exception to the time limit to file a motion for reconsideration. *See generally Tampubolon*, 610 F.3d 1056; *Wakkary*, 558 F.3d 1049. Thus, the BIA did not abuse its discretion in denying Sastrawan's motion for reconsideration.

Sastrawan next argues that the BIA erred by refusing to grant his motion to reopen based on changed country conditions. We review the BIA's denial of a motion to reopen for an abuse of discretion, and our review is "limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). Generally, an alien must file a motion to reopen "within 90 days of the date of entry of a final administrative order." 8 U.S.C. § 1229a(c)(7)(C)(i). But there is

no time limitation where the motion is "based on changed country conditions . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding. *Id.* § 1229a(c)(7)(C)(ii).

Sastrawan contends that conditions for Christians in Indonesia are worse than when he was originally ordered removed, as demonstrated by the 2010 International Religious Freedom Report. That report demonstrates that Muslim groups used violence and intimidation to close churches, that the government has failed to punish perpetrators of religious violence, and that some areas have implemented Islamic law. But the 2007 International Religious Freedom Report, which Sastrawan submitted with his original application, contained reports of similar incidents. Sastrawan has therefore failed to show that conditions for Christians in Indonesia have materially worsened. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009) ("An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were reopened, the new evidence would likely change the result in the case."). Accordingly, the BIA did not abuse its discretion in denying Sastrawan's motion to reopen. *See Zhang*, 572 F.3d at 1319.

**PETITION DENIED.**