[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11044
Non-Argument Calendar
_____

Agency No. A072-453-654

WEN BIN ZENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 31, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Wen Bin Zeng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) denial of her motion to reopen her removal proceedings based on changed country conditions. Specifically, Zeng sought to reopen her removal proceedings on the basis that, beginning in 2011, Chinese officials increased their persecution of members of unregistered churches in Liaoning Province. On appeal, Zeng argues the BIA's conclusion that she failed to demonstrate materially changed country conditions was arbitrary and that the BIA failed to consider much of the evidence she submitted in support of her motion to reopen. After review of the record and consideration of the parties' briefs, we deny the petition.[1]

The BIA's conclusion that Zeng failed to establish changed country conditions in China was not arbitrary or capricious. The 2002 and 2003 Country Reports, the 2004 International Religious Freedom Report, and the 1998 Asylum Profile indicated that prior to and during 2004, the Chinese government subjected unregistered churches and their members to threats, repression, harassment, detention, and, at times, physical abuse. Nothing in the record supports Zeng's assertion that, because these reports did not explicitly discuss the treatment of members of unregistered churches in Liaoning Province, no persecution of

---

[1] We review the denial of a motion to reopen for abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id.*

2

members of unregistered churches occurred in that province at the time of her 2004 hearing.

The evidence Zeng submitted in support of her motion to reopen, moreover, did not establish that the Chinese government's treatment of unregistered churches and their members materially changed between 2004 and 2011. *See Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (explaining that to obtain reopening of her removal proceedings, an alien must demonstrate changed country conditions with evidence that is material and was not available and that would not have been discovered or presented at the previous proceeding). In light of China's longstanding restrictions on religion and sustained practice of harassing and detaining unregistered religious groups, the fact that Chinese officials in 2011 conducted at least one raid on a house church in Liaoning Province does not demonstrate that conditions for members of unregistered churches materially changed in that locale.

The BIA also adequately considered all of the evidence Zeng submitted in support of her motion. In its decision, the BIA listed the evidence Zeng submitted and explained that it viewed those documents in conjunction with the record evidence at the time of Zeng's 2004 hearing. Based on those documents, the BIA concluded that the Chinese government continues to restrict religious groups and to repress unregistered churches and their members. Finally, the BIA's decision to

3

afford reduced weight to the letters from Zeng's in-laws and friends was not arbitrary or capricious.  The letters describe two raids on church gatherings and bible studies, but, as the BIA noted, none of the letters provide the locations of those gatherings.  As such, the letters were of minimal probative value.

Zeng failed to establish materially changed country conditions with respect to the treatment of unregistered churches and their members, and her motion to reopen was therefore untimely.  *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009); 8 C.F.R. § 1003.2(c)(2)(ii).  Accordingly, the BIA did not abuse its discretion in declining to reopen her removal proceedings.[2]

**PETITION DENIED.**

---

[2] Because we conclude Zeng failed to establish changed country conditions, it is unnecessary for us to consider the BIA's alternative holding that Zeng failed to establish a prima facie case for relief.