[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13930
Non-Argument Calendar
_____

Agency No. A088-076-315

DONG XUBAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 23, 2016)

Before WILLIAM PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Xu Bao Dong seeks review of a decision by the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his motion to reopen removal proceedings.  On appeal, Dong argues that the BIA and IJ abused their discretion by denying his motion to reopen based on the finding that he failed to establish changed conditions for members of unsanctioned Christian churches in China.  After careful review, we deny the petition.

## I.

We review the denial of a motion to reopen an immigration petition for an abuse of discretion, determining only whether the BIA exercised its discretion in an arbitrary or capricious manner.  Jiang v. U.S. Atty. Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  We review only the BIA's decision unless the BIA has expressly adopted the IJ's decision, which it did not do in this case.  Id.

An alien may file only one motion to reopen removal proceedings, and it must be filed no later than 90 days after the final administrative decision.  8 C.F.R. § 1003.23(b)(1).  However, these limitations do not apply when: (1) an alien files a motion to reopen that seeks asylum or the withholding of removal where the alien's life or freedom would be threatened or based on the Convention Against Torture; (2) the motion is predicated on "changed country conditions"; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings.  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R.

2

§ 1003.23(b)(4)(i). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang, 568 F.3d at 1256–57. "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in [his] personal circumstances." Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam). Even if a motion to reopen is timely, it can be denied because of a failure to show prima facie eligibility for the relief sought, failure to introduce previously unavailable material evidence, or because the alien is not entitled to a further exercise of discretion. I.N.S. v. Abudu, 485 U.S. 94, 104–05, 108 S. Ct. 904, 912 (1988).

## II.

Dong, a native and citizen of China, entered the United States without inspection in 2009. The Department of Homeland Security (DHS) charged Dong with being removable as "an alien present in the United States without being admitted or paroled." Dong appeared in immigration court without counsel on June 2, 2009, and stated that he was afraid of being persecuted upon returning to China due to his membership in an underground Christian church. The IJ informed him that he might be eligible for asylum or withholding of removal and granted him 28 days to prepare his application. Dong appeared in court on June 30, 2009,

but did not submit an application for relief from removal. The IJ found that Dong was removable and that he had abandoned his right to seek asylum. After Dong declined to take voluntary departure, the court ordered that he be removed to China.

On November 20, 2014, Dong filed a counseled motion to reopen based on a change in country conditions in China. Dong conceded that the filing occurred well after 90 days from the final administrative decision, but argued that the time limit did not apply because he was applying for asylum or withholding of removal based on changed country conditions in China. He alleged that the persecution of Christians had worsened and that his recent baptism would make him a target. The IJ denied the motion, finding that Dong did not meet his burden of establishing a change in country conditions since 2009.

The BIA did not abuse its discretion by affirming the IJ's denial of Dong's motion to reopen based on a finding that he did not show changed country conditions. To support his claim that persecution worsened in China between 2009 and 2014, Dong attached a letter from Jiang Jian Nan, a friend and unsanctioned church member in China. The letter, dated October 30, 2014, stated: "Due to the fact that at an earlier time, our church was often persecuted by the police, and on top of that, the cult organization 'Almighty God's' homicide case, police have been persecuting us even more." However, the letter does not establish changed

4

country conditions; instead, the letter describes the government's activities regarding one specific church. Beyond that, the letter's statements about ongoing persecution establish a continuation of country conditions rather than a change.

Dong also attached copies of the State Department's Religious Freedom Reports from 2009 and 2013 to prove changed country conditions. However, the reports show that conditions largely remained the same. In both reports, the amount of official interference with unsanctioned churches varied widely depending on location. The 2013 report noted that "some house church members" felt that they had "more freedom than in the past to conduct religious services," as long as they did so in private. In his motion to reopen, Dong argued that his faith requires that he proselytize, making the requirement to remain private a particular burden on his religious freedom. However, the reports indicate no change in country conditions in this regard since three members of a house church received one-year retraining-through-labor sentences for "illegal proselytizing" in 2008, prior to Dong's initial hearing.

Because Dong failed to show materially changed country conditions, his motion was untimely and he was not entitled to reopen his removal proceedings. The BIA did not abuse its discretion.

**PETITION DENIED.**

5