[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13607
Non-Argument Calendar

_____

Agency No. A079-474-695

WORLF JEAN PIERRE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 23, 2021)

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Worlf Jean Pierre petitions for review of the Board of Immigration Appeals's ("BIA") denial of his motion to reopen and terminate his removal proceedings on timeliness grounds. He argues that because he was a minor and a rider on his mother's removal proceedings, which concluded over 12 years before he filed his motion to reopen, the BIA should have considered equitable tolling when determining whether his motion was time-barred. He contends that the BIA failed to give reasoned consideration to the equitable tolling issue and, therefore, abused its discretion.

Generally, a motion to reopen must be filed within 90 days of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). This 90-day deadline is subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1364 (11th Cir. 2013) (*en banc*). Equitable tolling requires a litigant to show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way." *Id.* at 1363 n.5 (quotation omitted). Further, the time limits on motions to reopen do not apply if the basis of the motion is to apply or reapply for asylum or withholding of removal based on changed country conditions.[1] 8 U.S.C. § 1229a(c)(7)(C)(ii).

---

[1] In his motion to reopen, Jean Pierre alleges that "[t]he validity of the removal order against [him] has not been the subject of any judicial proceeding," "he never had the opportunity to argue his individual case," he "is currently a TPS status holder" and "the beneficiary of an I-130" petition, "[a]djustment of status was not available at the time of [his] prior removal hearing," "he was unaware of the existence/effect of the outstanding removal order," and he "is prima facie eligible for adjustment of status." To the extent he contends that these allegations

2

But "[w]e lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). "Thus, if an alien fails to [raise a] challenge . . . in his appeal to the BIA, we lack jurisdiction to consider such challenge in his petition for review." *Id.*

Jean Pierre's petition fails because he did not raise the issue of equitable tolling before the BIA. His statements in his motion to reopen—that he was a minor and a rider during the original removal proceedings and, therefore, never had the opportunity to argue his individual case—did not readily communicate to the BIA that he was requesting equitable tolling of the 90-day deadline. *See Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 802 (11th Cir. 2016). In fact, he made no reference to equitable tolling or the timeliness issue generally before the BIA. Accordingly, we dismiss Jean Pierre's petition for lack of jurisdiction.

**PETITION DISMISSED.**

---

demonstrate changed country conditions, we deny his petition because "[a]n alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in [his] personal circumstances." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).