[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11620

Non-Argument Calendar

_____

CHARANJIT SINGH,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A201-424-481

_____

Before JILL PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Charanjit Singh seeks review of the Board of Immigration Appeals' denial of his motion to reopen his application for asylum. We deny Singh's petition for review of the Board's decision.

## I.

Singh is a native and citizen of India. In 2018, he was detained immediately after entering the United States. He applied for asylum, claiming that he had been attacked due to his membership in a Sikh political organization. After an August 2019 hearing, his application was denied by an immigration judge, who found him not to be credible. That denial was affirmed by the Board of Immigration Appeals in February 2020, and this Court denied Singh's petition for review of the decision of the Board. *See Singh v. U.S. Att'y Gen.*, 828 F. App'x 579, 581–82 (11th Cir. 2020).

In March 2021, Singh filed a motion to reopen consideration of his application with the Board. As Singh himself acknowledged, his motion was well past the ordinary 90-day filing deadline for a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). But this 90-day limit does not apply to motions to reopen asylum applications that are "based on changed circumstances arising in the country of nationality" if "such evidence is material and was not available and could not have been

discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Singh argued that this exception to the 90-day filing deadline applied to his motion to reopen because it was based on changed circumstances in India. He claimed that there had been an increase in political violence against Sikh activists in India, and that members of a rival political party had attacked and raped his wife. Along with other exhibits, he provided the Board with news articles about violence in India and affidavits and medical records about the alleged attack on his wife.

The Board denied Singh's motion to reopen as untimely. It concluded that he had not submitted the material evidence of changed circumstances in India necessary to trigger the exception to the filing deadline. It noted that Singh's evidence was insufficient to show a material change in circumstances in India since his original petition for asylum was denied. It also noted that Singh could not overcome the prior adverse credibility finding against him. And it found that, even if it credited the testimony that Singh's wife had been attacked and raped, the alleged rape was a change in personal circumstances rather than a change in the country's circumstances. Singh now asks this Court to reverse the Board's denial of his motion to reopen.

## II.

We review the Board's denial of a motion to reopen for abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319

(11th Cir. 2009).  Motions to reopen are "disfavored," and we will only reverse a denial of a motion to reopen if the Board "exercised its discretion in an arbitrary or capricious manner." *Id.* We review the Board's findings of fact under the "highly deferential substantial evidence test," meaning that we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc).

## III.

Singh's appeal turns on the Board's factual finding that he failed to show materially changed circumstances in India since August 2019—the time of his last hearing.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  If that finding stands, then his motion to reopen was untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Singh points to two broad categories of evidence in his motion that he claims showed a material change in circumstances in India: the articles that he claims shows increased political persecution of Sikh activists, and the evidence about the attack on his wife.  After review of the record, we are unpersuaded on both counts, and we conclude that the Board's finding that Singh failed to show materially changed conditions in India was supported by substantial evidence.

As for the increased political persecution, Singh asks us to conclude that he now faces a substantially greater risk of being

charged with sedition upon return to India. But the articles that he included with his motion simply do not say that there has been a rise of political prosecutions of members of Singh's political organization since August 2019; instead, they provide high-level discussion of sedition prosecutions, corruption, police brutality, and political conflict around Sikh activism without meaningfully connecting these phenomena to each other or to any material change since August 2019. Even if someone trying to argue in Singh's favor could use some of the evidence he provided as support, we "draw all reasonable inferences" in favor of the Board's decision. *See Adefemi*, 386 F.3d at 1027. Applying that standard, the Board's discounting of the articles was supported by substantial evidence.

Likewise, the Board's finding that the alleged rape of Singh's wife did not show a change in national circumstances was also supported by substantial evidence. As horrible as these allegations are, Singh did not provide evidence linking the allegations to a material change since August 2019 in how other Sikhs or members of Singh's political organization were treated throughout India. Without this link, the Board's treatment of these allegations as being about a change in *personal* circumstances rather than a change in *national* circumstances was supported by substantial evidence.

This resolves Singh's appeal. Because the Board's finding that there had been no material change in circumstances in India was supported by substantial evidence, the ordinary 90-day time

limit applied to Singh's motion. So the Board did not abuse its discretion by denying Singh's motion to reopen as untimely.

We **DENY** Singh's petition.