[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10043

Non-Argument Calendar

————————————————

MARTHA PATRICIA URIBE URIBE,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petitions for Review of a Decision of the
Board of Immigration Appeals
Agency No. A074-669-571

————————————————

2                 Opinion of the Court                 23-10043

_____

No. 23-13267

Non-Argument Calendar

_____

MARTHA PATRICIA URIBE URIBE,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
Agency No. A074-669-571

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Martha Patricia Uribe Uribe petitions for review of the
Board of Immigration Appeals's denial of her motion to reopen

her immigration proceedings.  Finding no abuse of discretion, we deny the petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Uribe Uribe is a Mexican native and citizen.  She entered the United States without inspection in 1994 and filed an application for asylum in 1996.  After failing to attend any further proceedings, the immigration judge ordered her deported in 1997.

Years later, in 2017, Uribe Uribe, who was represented by counsel, filed a motion to reopen her immigration proceedings, arguing that she never received notice of the prior proceedings.  The immigration judge reopened the proceedings on different grounds—changed circumstances arising after the deportation order.  After reopening, Uribe Uribe pursued termination of the deportation order and renewed her application for asylum.  Following a merits hearing, the immigration judge found that there was insufficient evidence to terminate the deportation order, there was insufficient evidence in support of Uribe Uribe's asylum application, and ordered her deported to Mexico.

Through new appellate counsel, Uribe Uribe appealed this decision to the board.  The board affirmed the immigration judge's decision and dismissed her appeal.  Uribe Uribe then moved the board to reconsider its decision.  Two months later, she moved to reopen the proceedings on the basis that her counsel before the immigration judge was ineffective.  The board denied both motions. As to her motion to reopen, the board noted that she met the procedural requirements for an ineffective assistance of counsel claim

but denied her motion because she failed to show that she could not have presented the claim in her first appeal to the board.

In her petition here, Uribe Uribe only seeks review of the board's denial of her motion to reopen, expressly waiving her petitions to review the board's dismissal of her first appeal and its denial of her motion to reconsider.

## STANDARD OF REVIEW

Unless the board expressly adopts an immigration judge's opinion, we review only the board's decision. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). We review the board's denial of a motion to reopen immigration proceedings for an abuse of discretion. *Id.* "This review is limited to determining whether the [board] exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). To do so, the petitioner "bears a heavy burden as motions to reopen are disfavored." *Id.* (citation omitted).

## DISCUSSION

In her motion to reopen, Uribe Uribe argued—for the first time—that her trial counsel was ineffective. Finding no new facts that could not have been presented earlier, the board denied the motion. Uribe Uribe now argues the denial was an abuse of the board's discretion. We disagree.

A petitioner may file one motion to reopen immigration proceedings following a final administrative order. 8 U.S.C. § 1229a(c)(7). The motion must provide "new facts" supported by documentary evidence. *Id.* § 1229a(c)(7)(B). That is, a motion to

reopen will be denied unless the petitioner provides material evidence that "was not available and could not have been discovered or presented" earlier.  8 C.F.R. § 1003.2(c)(1).  In other words, because *new* facts are required, the board has discretion to "deny a motion to reopen even if the party moving has made out a prima facie case for relief."  *See id*. § 1003.2(a).

The board properly exercised this discretion here. Uribe Uribe moved to reopen her immigration proceedings based on an ineffective assistance of counsel claim that could have been presented in her first appeal to the board.  Thus, while the board acknowledged that Uribe Uribe met the procedural requirements for making out an ineffective assistance of counsel claim, the board denied her motion to reopen because she failed to show that the claim could not have been presented earlier.  *See* 8 C.F.R. § 1003.2(a), (c)(1) (authorizing the board to deny a motion to reopen when the petitioner "has made out a prima facie case for relief" but fails to provide evidence that "could not have been discovered or presented" earlier); *see also I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992) (listing the "failure to introduce previously unavailable, material evidence" as an independent ground to deny a motion to reopen).

Uribe Uribe counters that our decision in *Sow v. United States Attorney General*, 949 F.3d 1312 (11th Cir. 2020) demands reversal of the board's decision.  In *Sow*, we concluded that the board abused its discretion in denying a petitioner's ineffective assistance of counsel claim.  *Id*. at 1318–19.  But, unlike Uribe Uribe, the petitioner in

6                    Opinion of the Court                    23-10043

that case properly raised his ineffective assistance of counsel claim before the board's decision on his initial appeal.  *Id*. at 1316 n.5. Thus, *Sow* does not apply to this case in which the board properly denied Uribe Uribe's motion to reopen for failing to provide new facts that could not have been presented in her initial appeal.

**PETITIONS DENIED.**